UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn in on May 7, 2019

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No.** |
| v. | : | **Count One:** 18 U.S.C. § 1956(h) (Conspiracy To Launder Monetary Instruments) |
| 田寅寅 a/k/a Tian Yinyin, | : | |
| 李家东 a/k/a Li Jiadong | : | **Count Two:** 18 U.S.C. § 1960(a) (Operating an Unlicensed Money Transmitting Business) |
| | : | **Forfeiture:** 18 U.S.C. § 982(a)(1); 21 U.S.C. § 853(p) |

## INDICTMENT

The Grand Jury Charges:

At times material to this Indictment:

### INTRODUCTION

1. The conduct alleged in this Indictment began outside of the jurisdiction of any particular State or district, and later occurred within the District of Columbia and elsewhere, and was therefore within the venue of the United States District Court for the District of Columbia, as provided by Title 18, United States Code, Sections 3237(a) and 3238.

2. In late 2018, a virtual currency exchange ("The Exchange") had been hacked. The perpetrators of the hack stole nearly $250 million worth of virtual currencies.

3. The hack and subsequent theft and laundering of funds involved numerous electronic communications made in furtherance of the scheme, including those described below. These communications include wire communications that transited through the United States.

4.      Defendants 田寅寅 a/k/a Tian Yinyin and 李家东 a/k/a Li Jiadong were Chinese nationals that accessed the U.S. financial system.

5.      Tian Yinyin and Li Jiadong had virtual currency accounts at two virtual currency exchanges ("VCE-A" and "VCE-B"). At both VCE-A and VCE-B, Tian Yinyin and Li Jiadong used the registered usernames "snowsjohn" and "khaleesi," respectively.

6.      Between in or about July 2018 through in or about April 2019, Tian Yinyin and Li Jiadong engaged in $100,812,842.54 in cryptocurrency transactions, which primarily consisted of their exchange of virtual currency traceable to the hack of The Exchange. Tian Yinyin and Li Jiadong would convert such virtual currency into fiat currency and transfer it to customers, for a fee.

7.      Tian Yinyin's and Li Jiadong's virtual currency accounts at VCE-A were linked accounts. The accounts had significant transfers between each other and third-party accounts.

8.      Tian Yinyin linked a bank account at China Guangfa Bank ("CGB") to his VCE-A account less than a week after the intrusion and theft at The Exchange. This CGB account received approximately 491 deposits from VCE-A for 233,889,970 CYN (approximately $34,504,173.43) and represents proceeds from Tian Yinyin's money laundering activities.

9.      The same CGB bank account was linked to Tian Yinyin's VCE-B account.

10.     Tian Yinyin's VCE-A and VCE-B accounts had no deposits for approximately two months prior to the hack of The Exchange.

11.     Tian Yinyin also had an account at VCE-C, a U.S.-based exchange, where he would sell BTC in exchange for prepaid Apple iTunes gift cards, a known method of money laundering.

12.     Tian Yinyin's VCE-C advertisement stated that no ID was necessary for trades.

13. On multiple occasions, Tian Yinyin, using his account at VCE-C, engaged in financial transactions to convert virtual currency to U.S. dollars on behalf of his customers in the United States.

14. Li Jiadong transferred approximately 9.71443 BTC from his VCE-A and VCE-B accounts to Tian Yinyin's account at VCE-C.

15. Tian Yinyin exchanged approximately $1,448,694.74 worth of BTC for iTunes gift cards via 8,823 transactions from his account at VCE-C.

16. Li Jiadong's advertisement on another virtual currency exchange ("VCE-D") noted that he was operating a professional business and gave his hours and payment information.

17. Li Jiadong linked bank accounts at nine Chinese banks—Agricultural Bank of China, China Everbright Bank, China CITIC Bank, CGB, China Minsheng Bank, Huaxia Bank, Industrial Bank, Pingan Bank, and Shanghai Pudong Development Bank—to his VCE-A account. These bank accounts received approximately 2,000 deposits from VCE-A for 229,282,960.97 CYN (approximately $32,848,567.00) and represent proceeds from his money laundering activities.

18. Tian Yinyin's VCE-B account sent approximately 25 BTC (approximately $175,000) to Li Jiadong's VCE-A account.

19. Tian Yinyin and Li Jiadong exchanged 2,165.39 BTC (approximately $15,529,934.00) between each other via VCE-A.

20. Federal law required money transmitting businesses to be registered with the Financial Crimes Enforcement Network ("FinCEN"), which is located in the District of Columbia. The failure to register with FinCEN was a federal felony offense.

21. Federal law barred money transmitting businesses from transmitting funds that were known to be derived from a criminal offense or intended to be used to promote unlawful activity.

22. At all relevant times, Tian Yinyin and Li Jiadong were not registered with FinCEN.

## COUNT ONE
### (Conspiracy To Launder Monetary Instruments)

23. The allegations set forth in paragraphs 1 through 22 of this Indictment are re-alleged and incorporated by reference herein.

24. From in or about 2018 through in or about April 2019, in the District of Columbia and elsewhere, TIAN YINYIN, LI JIADONG, and co-conspirators known and unknown to the Grand Jury, conspired with each other and with others known and unknown to the Grand Jury to violate:

    a. Title 18, United States Code, Section 1956(a)(1)(A)(i), that is, by conducting financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, violations of: section 1343 (relating to wire fraud) and section 1960 (relating to illegal money transmitters), knowing that the property involved in such financial transactions represented the proceeds of some form of unlawful activity, with the intent to promote the carrying on of said specified unlawful activity;

    b. Title 18, United States Code, Section 1956(a)(1)(A)(i), that is, by conducting financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, violations of: section 1343 (relating to wire fraud) and section 1960 (relating to illegal money transmitters), knowing that the property involved in such financial transactions

represented the proceeds of some form of unlawful activity, and knowing that the transactions were designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of said specified unlawful activity; and

  c. Title 18, United States Code, Section 1956(a)(2)(A), that is, by transporting, transmitting, and transferring, or attempting to transport, transmit, and transfer monetary instruments and funds from places outside of the United States to and through a place inside the United States, and from a place in the United States to or through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit, violations of: section 1343 (relating to wire fraud) and section 1960 (relating to illegal money transmitters).

25. It was the goal of the conspiracy for the defendants and other co-conspirators to unlawfully enrich themselves by: exchanging bitcoin for fiat currency; operating a bitcoin money laundering service that did not collect sufficient data on its customers; and operating an illegal money transmission service.

**(Conspiracy To Launder Monetary Instruments, in violation of
Title 18, United States Code, Section 1956(h))**

**COUNT TWO**
**(Operating an Unlicensed Money Transmitting Business)**

26. The allegations set forth in paragraphs 1 through 22 of this Indictment are re-alleged and incorporated by reference herein.

27. From in or about 2018 through in or about April 2019, in the District of Columbia and elsewhere, TIAN YINYIN and LI JIADONG knowingly conducted, controlled, managed,

supervised, directed, and owned an unlicensed money transmitting business, as that term is defined in Title 18, United States Code, Section 1960(b)(1), affecting interstate or foreign commerce, and which:

    a.    Failed to comply with the money transmitting business registration requirements under Title 31, United States Code, Section 5330, and the regulations prescribed thereunder; and

    b.    Otherwise involved the transportation and transmission of funds known to TIAN YINYIN and LI JIADONG to have been derived from a criminal offense and intended to be used to promote and support unlawful activity;

in violation of Title 18, United States Code, Section 1960(a).

**(Operating an Unlicensed Money Transmitting Business, in violation of Title 18, United States Code, Section 1960(a))**

## FORFEITURE ALLEGATION

1. Upon conviction of the offenses alleged in Counts One and Two, the defendant shall forfeit to the United States any property, real or personal, involved in the offense, and any property traceable thereto, pursuant to Title 18, United States Code, Section 982(a)(1). The United States will also seek a forfeiture money judgment for a sum of money equal to the value of any property, real or personal, involved in Counts One and Two, and any property traceable thereto.

2. If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;
    b.    has been transferred or sold to, or deposited with, a third party;
    c.    has been placed beyond the jurisdiction of the court;
    d.    has been substantially diminished in value; or
    e.    has been commingled with other property which cannot be divided without difficulty,

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 982(a)(1); and Title 21, United States Code, Section 853(p))**

A TRUE BILL:

_____
FOREPERSON.

*Timothy J. Shea* /KK
_____
ATTORNEY OF THE UNITED STATES IN
AND FOR THE DISTRICT OF COLUMBIA